JUDGMENT confessed on bond and warrant of attorney, dated 18th of February, 1836. On the application of defendant, rule to show cause why the judgment should not be vacated, on the ground that the defendant was an infant at the date of the bond and warrant of attorney.
At the hearing it appeared that the defendant was born on the 24th of April, 1816. He was acting as a man of full age in 1836, doing business as a partner with his father; generally understood to be of age, and voted at the general election in that year. In March, 1840, he executed a paper under hand and seal, expressly to recognize and confirm this bond and warrant of attorney given to William D. Waples, in February, 1836. The judgment was confessed on the 23d of February, 1836.
Mr. Houston, in support of the rule argued: — That the bond of an infant, even for necessaries was void; and the warrant of attorney void. (Co. Litt. 172; Cro.Eliz. 920; 3 Com. Dig., tit. infant, C. 2;Bull. N. P. 182; 2 Wm. Blac. 1133; 2 Strange
1043.) That being void originally, no subsequent ratification could make them valid. The voidable acts of an infant may be confirmed, but not his void contracts. The promise after full age may be a good ground of action, but cannot establish the old contract, much less confirm a void authority acted under before full age. (1Leigh N. P. 341; 2 Barn. Cress. 842; 9 Eng. C.L. Rep. 256; 3 Barn, Ald. 922; 1 Hen. Blac.
75; 18 Com. Law Rep. 209.)
Ridgely, contra. — The application is on the equity side of the court for relief, and must be founded on equitable principles. A court of equity will decree a void contract to be good as against an infant who practised a fraud in misrepresenting his age. If the infant be old enough to carry on a fraud, equity will not relieve him. (9Vin. 416; Fonb. 76; 2 Eq. Ca. Ab. 489; 1Mad. Chan. 134; 1 Vern. 132; 3 Bac. Ab. 140,tit. infancy and age E; 3 Maul. Sel. 477.) So if a feme covert give a bond representing herself as a feme sole, the court will not set aside the judgment founded on such bond. (3 Bos. Pul. 128; 2 Wm. Blac. 903; 5 Term. Rep. 194; 1ib. 486; 6 ib. 451; 1 East 16; 9Mod, 35; 7 ib. 10; 1 Bos. Pull. 8; 3ib. 220, reviews 1 *Page 404 H. Blac. 75, which went on the ground that plaintiff was apprised of defendant's infancy.) Here the defendant held himself out to the world as of full age.
Bayard replied. — This is called a proceeding on the equity side of the court, merely because it is in a summary form, and not a regular suit; hut this court always judges on the same principles. The motion asks the decision of a mere legal principle that the bond of an infant is void. If this he so, the court must strike at their own irregular judgment founded on it, because that judgment is without authority. The application is not in behalf of the defendant alone, but of his other creditors, who seek to avoid this judgment. The principle contended for on the other side would not only establish a legally void instrument on equitable principles against the infant himself, but against third persons. The cases cited are those of femes covert, where summary relief is refused because of fraud; but where the defendant still had remedy by writ of error.
By the Court. — The bond and warrant of attorney of an infant are void. (3 Com. Dig., Enfant B.; Co. Litt. 172, a.)
The court, on motion, will set aside a judgment on a warrant of attorney executed by an infant. (3 Com. Dig., Enfant B.; 2 Win.Blac. 1133; 1 H. Blac. 75, Saunderson vs.Marr.)
Even if the contract could be confirmed after full age, it would not set up the warrant of attorney. (9 Eng. Com. Law Rep. 256,Thornton vs. Illingworth.)
The bond and warrant of attorney failing, the judgment is without authority and must be vacated.
The cases of suits against femes covert as femes sole, have only decided that the court will not permit the defendant to set up her coverture in a summary way, but put her to plead the coverture.
 Rule absolute.